UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**03-20272 CR-SEITZ**
CASE NO.

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 982

MAGISTRATE JUDGE
BANDSTRA



UNITED STATES OF AMERICA

vs.

JUAN CARLOS ELSO,
a/k/a J.C. Elso,
and
ANDREW DIAZ,
a/k/a Andres Diaz,

       Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

From in or about May, 2001, the exact date being unknown to the Grand Jury, through on or

about February 6, 2002, in Miami-Dade County, in the Southern District of Florida and elsewhere,

the defendants,

JUAN CARLOS ELSO,
a/k/a J.C. Elso,
and
ANDREW DIAZ,
a/k/a Andres Diaz,

did knowingly and intentionally combine, conspire, confederate and agree with each other and with

other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial

transactions affecting interstate and foreign commerce, that is, the delivery and transfer of monetary

218

instruments which were the proceeds of specified unlawful activity, that is, the distribution and sale of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and knowing that the monetary instruments, that is, United States currency, involved in the financial transactions, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It was part of this conspiracy that ANDREW DIAZ, a/k/a Andres Diaz, would agree with a co-conspirator, W.G., to receive the proceeds of the sale and distribution of cocaine and transfer said proceeds as directed by the owners and managers of the cocaine proceeds.

It was further part of this conspiracy that JUAN CARLOS ELSO, a/k/a J.C. Elso, would take custody and control of United States currency which had been received by ANDREW DIAZ, a/k/a Andres Diaz, in order to evade law enforcement and to conceal the ownership and control of said United States currency which JUAN CARLOS ELSO, a/k/a J.C. Elso, knew to be the proceeds of some form of unlawful activity.

It was further part of this conspiracy that JUAN CARLOS ELSO, a/k/a J.C. Elso, would use his position as an attorney to attempt to disguise the true nature, source, ownership and control of United States currency received by ANDREW DIAZ, a/k/a Andres Diaz, and others, which United States currency JUAN CARLOS ELSO, a/k/a J.C. Elso, knew were the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

From in or about July, 1999, the exact date being unknown to the Grand Jury, through on or about September 19, 2002, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

JUAN CARLOS ELSO,
a/k/a J.C. Elso,

did knowingly and intentionally combine, conspire, confederate and agree with a co-conspirator, H.G., and with others known and unknown to the Grand Jury, to commit the following offenses:

1. To conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, that is, the delivery and transfer of monetary instruments which were the proceeds of specified unlawful activity, that is, the distribution and sale of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transaction was designed in whole and in part to conceal or disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and knowing that the monetary instruments, that is, United States currency, involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

2. To conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, that is, the delivery and transfer of monetary instruments which were the proceeds of specified unlawful activity, that is, the distribution and sale of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), with the intent to avoid a transaction reporting requirement under state and federal law and that while conducting and attempting to conduct such

3

financial transactions knew that the monetary instruments, that is, United States currency, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

It was part of this conspiracy that H.G., a co-conspirator of JUAN CARLOS ELSO, a/k/a J.C. Elso, would agree with cocaine traffickers in Colombia, and the financial managers of cocaine traffickers in Colombia, to receive the proceeds of cocaine sales in the United States and transfer those proceeds to individuals and to financial accounts in a manner which would disguise and conceal the true nature, source, origin and ownership of said proceeds.

It was further part of this conspiracy that JUAN CARLOS ELSO, a/k/a J.C. Elso, would agree to receive from a co-conspirator, H.G., United States currency and wire-transfer said United States currency, through his law firm account, in an amount less than $10,000, in order to avoid United States currency reporting requirements and in order to disguise the true nature, source, origin and ownership of said proceeds.

All in violation of Title 18, United States Code, Section1956(h).

### COUNT THREE

On or about November 15, 2001, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

ANDREW DIAZ,
a/k/a Andres Diaz,

did knowingly and intentionally conduct a financial transaction, that is, the delivery and transfer of $499,700.00 in United States currency, which were the proceeds of a specified unlawful activity, that is, the distribution and sale of cocaine, in violation of Title 21, United States Code, Section

4

841(a)(1), knowing that said transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct said financial transaction he knew that the monetary instruments were the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT FOUR

On or about November 15, 2001, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

JUAN CARLOS ELSO,
a/k/a J.C. Elso,
and
ANDREW DIAZ,
a/k/a Andres Diaz,

did knowingly and intentionally conduct a financial transaction, that is, the delivery and transfer of $266,800.00 in United States currency, which were the proceeds of a specified unlawful activity, that is, the distribution and sale of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), knowing that said transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct said financial transaction, the defendants knew that the monetary instruments were the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION

1.     The allegations of Counts 1 through 4 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest pursuant to the provisions of Title 18, United States Code, Section 982.

2.     Upon the conviction of any violation of Title 18, United States Code, Section 1956, each defendant shall forfeit to the United States any property, real or personal, involved in such offense or traceable to such property, including but not limited to approximately two hundred, sixty-six thousand, eight hundred dollars ($266,800.00) in United States currency seized from JUAN CARLOS ELSO, a/k/a J.C. Elso, on November 15, 2001.

3.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference by Title 18, United States Code, Section 982(b), if any of the above-described forfeitable property, as a result of any act or omission of the defendants:

A.     cannot be located upon the exercise of due diligence;

B.     has been transferred, or sold to, or deposited with a third party;

C.     has been placed beyond the jurisdiction of the Court;

D.     has been substantially diminished in value; or

E.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title

6

21, United States Code, Section 853(p), to seek the forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

All pursuant to Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853.

A TRUE BILL

_L. d. Chandler, DPA_
FOREPERSON

_Kent f. Neto f_
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_Richard D. Gregorie_
RICHARD D. GREGORIE
ASSISTANT UNITED STATES ATTORNEY

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

CASE NO. - **20272** CR - SEITZ

vs.

JUAN CARLOS ELSO,
a/k/a J.C. Elso,
and
ANDREW DIAZ,
a/k/a Andres Diaz,
_____ Defendants. /

**CERTIFICATE OF TRIAL ATTORNEY***

MAGISTRATE JUDGE
BANDSTRA

**Superseding Case Information:**

New Defendant(s)          Yes _____   No _____
Number of New Defendants        _____
Total number of counts          _____

**Court Division:** (Select One)

X   Miami _____   Key West
_____ FTL _____ WPB _____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:          (Yes or No) No_____
    List language and/or dialect _____

4.  This case will take __8__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                        (Check only one)

| I   | 0 to 5 days    |     | Petty   |     |
|-----|----------------|-----|---------|-----|
| II  | 6 to 10 days   | X   | Minor   |     |
| III | 11 to 20 days  |     | Misdem. |     |
| IV  | 21 to 60 days  |     | Felony  | X   |
| V   | 61 days and over |   |         |     |

6.  Has this case been previously filed in this District Court? (Yes or No) __No__
    If yes:
    Judge: _____   Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter? (Yes or No) No_____
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____ District of _____
    Is this a potential death penalty case? (Yes or No) _No_

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No   If yes, was it pending in the Central Region? ___ Yes ___ No

8.  Did this case originate in the Narcotics Section, Miami? _X_ Yes ___ No

_____
RICHARD D. GREGORIE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0549495

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

03 - 20272 CR - SEITZ

PENALTY SHEET

**Defendant's Name:** ANDREW DIAZ, aka Andres Diaz

**Case No:**

MAGISTRATE JUDGE
BANDSTRA

Count #: 1

18 U.S.C. § 1956(h)

Conspiracy to commit money laundering

**\* Max.Penalty:**    20 years' imprisonment

Count #: 3

18 U.S.C. § 1956(a)(1)(B)(i)

Money laundering

**\*Max. Penalty:**    20 years' imprisonment

Count #: 4

18 U.S.C. § 1956(a)(1)(B)(i)

Money laundering

**\*Max. Penalty:**    20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET **03-20272** CR - SEITZ

**Defendant's Name:** JUAN CARLOS ELSO, a/k/a J.C. Elso

**Case No:**

MAGISTRATE JUDGE
BANDSTRA

**Count #: 1**

18 U.S.C. § 1956(h)

Conspiracy to commit money laundering

**\* Max.Penalty:**      20 years' imprisonment

**Count #: 2**

18 U.S.C. § 1956(h)

Conspiracy to commit money laundering

**\*Max. Penalty:**      20 years' imprisonment

**Count #: 4**

18 U.S.C. § 1956(a)(1)(B)(i)

Money laundering

**\*Max. Penalty:**      20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**